WM. C. McMANNING *et al.*, Appellants, *v.* JOHN FARRAR *et al.*, Respondents.

1. *Towns and cities—Unincorporated towns—School districts.*—Under section 1, article 2, of the act relating to schools (Wagn. Stat. 1262) an unincorporated town is not legally organized as a school district, and subsequent legislation, explanatory of the meaning of that section, can not retroact so as to alter the previous rights of parties under this law.

*Appeal from Fourth District Court.*

*H. Williams* and *Curtis*, for appellants.

*Gilstrap, A. G. Williams & Eberman*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs, claiming to be the board of education of the school district of the town of Atlanta, applied to the Court of Common Pleas in Macon county for a *mandamus* against the defendant, who is county clerk, to compel him to assess and extend certain estimates which they had made for school purposes on the tax book. For return to the alternative writ, the defendant stated that he refused to extend the taxes named, for the reason that there was no organized district, as referred to in the writ, and that, therefore, no authority was vested in him to perform the services required. There was a replication to the return, trial, and judgment for plaintiffs awarding a peremptory writ, from which defendant appealed to the District Court, where the judgment was reversed, and the action of that court is now brought here for review.

Whether the town of Atlanta was legally organized as a school district under the statute authorizing cities, towns, and villages to organize for school purposes, with special privileges, is the only question. It is agreed that the town was not incorporated at the time the proceedings attempting an organization took place.

The law under which the power is claimed is as follows: "Any incorporated city or town in this State, plat as laid out and recorded with the territory attached or hereafter to be attached to

said city, town, or village for school purposes, may be organized into and established as a single school district, in the manner and with the powers hereinafter specified," etc. (2 Wagn. Stat. 1262, § 1.) By the very terms of the act the power to organize in this manner, with special privileges, was limited to incorporated towns; and the town of Atlanta not being incorporated, its citizens could not avail themselves of its provisions. The section is plain and unambiguous, and there is nothing for the courts to construe. Their only province and function is to give effect to the law as it is written. The subsequent legislative enactment, explanatory of the meaning of the section, can not retroact so as to affect the rights of the parties in this proceeding.

Judgment affirmed. The other judges concur.